■ In the Matter of the Estate of MARY J. OSWALD, Deceased. PERRY ALEXANDER, Appellant; WILLIAM H. OSWALD, as Executor of MARY J. OSWALD, Deceased, Respondent.— In a proceeding to vacate a decree of the Surrogate's Court, Nassau County, admitting the decedent's will to probate, the petitioner appeals from a decree of said court, entered September 1, 1964 after a hearing, upon the court's opinion-decision, which denied the application on the ground that the petitioner, despite his claim as the decedent's surviving spouse, was not *in any event* a person interested in the estate and therefore he had no right to file objections to the probate of the will or to share as a distributee in the estate or to elect against the terms of the will under section 18 of the Decedent Estate Law. Decree affirmed, with costs to the executor payable out of the estate, on the opinion of the Surrogate (43 Misc 2d 774). Ughetta, Acting P. J., Christ and Benjamin, JJ., concur; Brennan and Hopkins, JJ., dissent and vote to reverse the decree and to remit the proceeding to the Surrogate's Court, Nassau County, for a further hearing upon the issues, with the following memorandum: Although the preliminary hearing before the Surrogate was held to determine the issue of the alleged common-law marriage between the petitioner and the decedent, the Surrogate made no findings as to whether such a common-law marriage in fact existed. Instead, the Surrogate assumed the existence of such a common-law marriage but found that the petitioner had abandoned the decedent by virtue of his subsequent ceremonial marriage to another person. The Surrogate rested his decision upon such finding. In our opinion, a further hearing should be held at which the Surrogate, upon the basis of all the proof adduced, should determine: (1) the issue as to whether the alleged common-law marriage in fact existed *between the decedent and the petitioner*; (2) the issue as to whether, in the light of the petitioner's claim that the parties had separated following the exchange of general releases, the petitioner had lost his rights in the decedent's estate; and (3) the issue as to whether, under all the circumstances, the petitioner had in fact abandoned the decedent. At this time, in the absence of plenary proof, it would be premature to make any determination of the question whether the surviving spouse of a common-law marriage which is not terminated by a decree has forfeited his rights to the deceased spouse's estate by reason of his subsequent ceremonial marriage to another and cohabitation thereunder. We should, at this stage of the proceeding, confine our decision to holding merely that, before any final determination is made on the merits, all of the facts and circumstances surrounding the common-law marriage and the separation of the parties should first be fully developed.